UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 25-cr-00361-01 |
| VERSUS | CHIEF JUDGE DOUGHTY |
| IYESATA MARSH | MAGISTRATE JUDGE MCCLUSKY |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO QUASH**

The United States, through undersigned counsel, respectfully responds in opposition to the defendant's Motion to Quash. [Rec. Doc. 17] In support of this response, the Government states as follows:

1.

On December 11, 2025, a Grand Jury in the Western District of Louisiana issued a subpoena to Google LLC for records relevant to an investigation into Iyesata Marsh and others related to bank fraud and identity theft, among other possible crimes. [See Exhibit filed as Rec. Doc. 18]. Google notified the defendant Marsh of the subpoena in accordance with its policy. On December 17, 2025, the Grand Jury returned a three-count indictment charging Marsh and Thomas Coates with Conspiracy to Commit Bank Fraud (18 U.S.C. §1349), Bank Fraud (18 U.S.C. §1344(2)) and Aggravated Identity Theft (18 U.S.C. §1028A(a)(1)). [Rec. Doc. 10]. On December 18, 2025, the Defendant filed a Motion to Quash the

4

outstanding subpoena to Google LLC. [Rec. Doc. 17]. On December 19, 2025, Google LLC produced the records responsive to the subpoena.

2.

The defendant challenges the issuance of the Grand Jury subpoena as an impermissible attempt to prepare "a pending indictment for trial." Rec. Doc. 17-1, p. 4. The defendant relies on *United States v. Beasley*, 550 F.2d 261 (5th Cir. 1977) noting that "prosecutorial agents may not use the Grand Jury for the primary purpose of strengthening its case on a *pending* indictment or as a substitute for discovery, although this may be an incidental benefit." *Beasley* at 266. (emphasis added).

3.

In order "[t]o protect the investigative function of the grand jury, [the United States Supreme Court has] recognized that 'courts should not intervene in the grand jury process absent [a] compelling reason.'" *United States v. Moss*, 756 F.2d 329, 331–32 (4th Cir. 1985) quoting *In Re Grand Jury Subpoenas*, 581 F.2d 1103, 1108 (4th Cir.1978) cert. denied, 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979). Importantly, "[a] defendant seeking to exclude evidence obtained by a *post-indictment grand jury subpoena* has the burden of showing that the Government's use of the grand jury was improperly motivated." *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994). As noted above, in the Fifth Circuit, the government may not use a grand jury subpoena to strengthen the case of a "pending indictment." *Beasley* at 266.

5

4.

At the outset, the indictment was not pending at the time the grand jury issued the subpoena and requested the information from Google. Because this is a pre-indictment grand jury subpoena, the remedy that the defendant seeks is unavailable and the defendant has failed to meet its burden of showing that the "use of the grand jury was improperly motivated." *Leung* at 581. The grand jury is entitled to investigate a crime and seek information about that crime. Issuing grand jury subpoenas for relevant information is not an improper purpose. Especially when those grand jury subpoenas were issued prior to indictment and were obviously not "for the sole or dominating purpose of preparing an already pending indictment for trial." *United States v. Punn*, 737 F.3d 1, 6 (2d Cir. 2013) quoting *In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985* (*Simels*), 767 F.2d 26, 29 (2d Cir.1985).

5.

The additional hurdle for the defendant is that she makes a misplaced assumption that the investigation was completed upon the December 17, 2025 indictment. On the contrary, "[a] grand jury investigation is not complete until all clues have been exhausted and every witness examined." *United States v. Alred*, 144 F.3d 1405, 1413 (11th Cir. 1998). The Grand Jury in this case continues to investigate Marsh, Coates, and others for additional potential offense conduct.[1] The

---

[1] If required by the Court, the government is available to make an in camera proffer of additional potential offenses that the Grand Jury is investigating.

Grand Jury has the explicit authority to continue to investigate and "[t]here is nothing improper about the government continuing its investigation after an indictment is filed, with obvious limitations, of course." *Beasley* at 266. Furthermore, "grand juries must be allowed to investigate freely individuals suspected of involvement in crimes for which indictments have already been issued. *Moss* at 332 (4th Cir. 1985).

6.

Accordingly, the United States submits that the defendant has failed to meet its burden that the issuance of the grand jury subpoena prior to indictment was improper. Furthermore, the subpoena was proper because the Grand Jury continues to investigate additional offense conduct. Thus, the defendant's motion to quash should be denied.

    Respectfully submitted,

    ZACHARY A. KELLER
    United States Attorney

By: /s/ *Seth D. Reeg*
    **SETH D. REEG** (LA Bar #34184)
    Assistant United States Attorney
    300 Fannin St., Ste. 3201
    Shreveport, LA 71101
    (318) 676-3600 – Phone